UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARNELL McGARY,<br><br>    Petitioner,<br><br> v.<br><br>HENRY RICHARDS,<br><br>    Respondent. | Case No.  C05-5317RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**July 22nd, 2005** |

  This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254 to challenge his civil commitment as a sexually violent predator. (Dkt. # 1). He contends his civil commitment proceedings were unconstitutional. There was no indication in the petition that any issue raised has ever been before the states highest court and an Order to Show Cause has been entered in the case. (Dkt. # 5).

  Petitioner has filed a motion for "(TRO) Preliminary Injunction (Motion)." (Dkt. # 4). The motion has the case caption and numbers for two of petitioner's actions, this case and a civil rights action. As a preliminary matter petitioner is warned not to bring motions in separate cases in a single document again. Further, placing the same motion before the court repetitively needlessly increases the cost of litigation and is a violation of Federal Rule Civil Procedure 11.

FACTS

REPORT AND RECOMMENDATION
Page - 1

1       Petitioner's motion seeks to enjoin medical or mental health professionals who treat Mr.
2 McGary from forcing him to take "anti-psychotic" medication. Petitioner also seeks release from his
3 current housing assignment and return to a less restrictive environment pending a ruling on his
4 habeas petition, and an injunction that would prevent staff from entering his room without his being
5 present. (Dkt. # 4, page 9). Petitioner does not indicate if there are state proceedings pending
6 regarding his being involuntarily medicated.

7       Mr. McGary seems confused as to who is the plaintiff/petitioner in his actions and who is the
8 defendant/respondent. Throughout the pleading he refers to himself as the respondent. As the
9 person bringing this habeas corpus action Mr. McGary is the petitioner.

10       Mr. McGary admits to suffering from chronic paranoid schizophrenia as well as having an
11 antisocial personality disorder. (Dkt. # 4). He admits it is more likely than not he will engage in
12 predatory acts of sexual violence if he is not confined in a secure facility. (Dkt. # 4, page 2).
13 However Mr. McGary indicates he believes he has been successfully treated with "anti-psychotic"
14 medication and it is no longer in his best interest to take the medication. When he asked a treating
15 health care provider if he was gravely disabled he was told "no." When he asked if he was dangerous
16 at this time the alleged answer was "not today." (Dkt. # 4, page 3).

17       Plaintiff alleges he returned to the Special Commitment Center voluntarily from a less
18 restrictive environment. On April 11th, 2005 his less restrictive alternative was revoked because he
19 was not medication compliant. (Dkt. # 4, page 4). Petitioner claims he has not taken anti-psychotic
20 medication since March 17th, 2005.

21       Mr. McGary's interest in discontinuing the medication is substantial. Petitioner alleges that
22 over the years the medication regime he has been subjected to has had severe side effects including
23 weight gain, the possibility of heart damage and diabetes with thyroid and cholesterol implications.
24 (Dkt. # 4, page 3). According to petitioner the side effects from the medications can also include
25 acute dystoria, (involuntary spasms of the upper body, tongue, throat, or eyes), akathesia, (motor
26 restlessness), neuroleptic malignant syndrome, (a rare condition which can lead to death by heart
27 attack), and tardive dyshenishia (sic) (permanent involuntary twitching). (Dkt. # 4, page 3).
28

REPORT AND RECOMMENDATION
Page - 2

Petitioner further alleges medical personnel have switched his medications repeatedly as a result of side effects and in an attempt to find medication that works with less side effects.

The states interests in medicating petitioner is also substantial.  Petitioner states that at the revocation hearing Dr. "(Sziebert)" indicated petitioner's schizophrenia went untreated while he was an inmate and caused a number of problems including, a 1994 assault on a correctional officer, and 39 major infractions between 1989 and 1998 which included threatening staff, assaulting staff, failure to perform sanctions, setting fires, staff interference, tampering with a lock, refusing to program, refusing cell assignments, and self mutilation.  (Dkt. # 4, Page 4).  Apparently petitioner assaulted a correctional officer because of a belief the officer was plotting to kill him.  (Dkt. # 4, page 4).

Petitioner does not indicate specifically what revocation hearing Dr. Sziebert testified in.  The court assumes petitioner is referring to the April 2005 hearing that revoked the less restrictive alternative housing assignment.  (Dkt. # 4, page 4)

While petitioner indicates that Dr. Sziebert is involved in involuntary medication hearings with petitioner he does not indicate when the hearing occurred, if there is presently any proceeding pending to medicate petitioner against his will, or the current stage of such proceedings.  (Dkt. # 4).

## DISCUSSION

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."  Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

To have standing to seek any form of injunctive relief petitioner must show real and immediate threat of irreparable injury and no adequate remedy at law.  Nelsen v King County, 895 F.

REPORT AND RECOMMENDATION
Page - 3

2d 1248 (9th Cir. 1990).

While petitioner's motion raises serious questions, petitioner has not placed before the court all the facts needed for the court to consider the matter on the merits. Petitioner has failed to show the state is planning to medicate him against his will. Further, assuming the state is planning to involuntarily medicate him there are procedural safeguards which include judicial review. *See* RCW 71.05 et seq. Petitioner has failed to provide information to the court showing there is no available remedy at law. Thus, the briefing to date does not show standing to obtain injunctive relief.

Alternatively, this is a habeas corpus action challenging fact of confinement. The action has not been served and an Order to Show Cause has been issued because it does not appear petitioner exhausted any of the issues raised herein. As the matter has not been served, the court lacks jurisdiction over the respondent. A motion for injunctive relief is premature. In either event this motion should be **DENIED WITHOUT PREJUDICE.**

## CONCLUSION

Based on the foregoing discussion, the Court should **DENY** petitioner's motion **WITHOUT PREJUDICE.** Should the petition survive the Order to Show Cause petitioner may re-submit the motion with additional information showing he has standing to seek injunctive relief. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 22nd, 2005**, as noted in the caption.

Dated this 17th day of June, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge